NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR EDWARD EZOR, AKA A. Edward Ezor, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BETTY T. YEE; STATE BAR OF CALIFORNIA; LEAH WILSON; JORDAN N. WRIGHT; MELANIE O. JAY; JOSEPH DIMINO; FENGLAN LIU; KRISTEN POFAHL; ELLIN DAVTYAN, General Counsel; VANESSA HOLTON; SUZANNE GRANDT; DOES 1-10, inclusive; MALIA M. COHEN, <br><br> Defendants - Appellees. | No. 24-2435 <br><br> D.C. No. 2:23-cv-00094-JVS-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 22, 2026**

Before:    WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arthur Edward Ezor, a disbarred California attorney, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action contesting California's assessment and collection of debt related to misappropriated client funds. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of claim preclusion. *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019). We affirm.

The district court properly dismissed Ezor's federal claims as barred by claim preclusion because Ezor raised identical claims in a prior federal action, which involved the same parties and resulted in a final judgment on the merits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (setting forth elements of claim preclusion under federal law).

The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as unsupported by the record Ezor's contentions that the district court was biased and acted without jurisdiction.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**